**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **ORVEL P. HALE** | : | **DOCKET NO.** |
| **VS.** | : | **JUDGE** |
| **WOOD GROUP PSN, INC.,**<br>**BORDELON MARINE L.L.C.,**<br>**ENI US OPERATING CO., INC.** | : | **MAGISTRATE JUDGE** |

---

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes claimant, **ORVEL P. HALE,** a single man of the full age of majority and domiciled in Allen Parish, Louisiana, whom with respect represents that:

1.

This cause of action arises under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 et seq., Section 905(b) of the Longshore and Harbor Workers Compensation Act (LHWCA), 33 U.S.C. § 901 et seq., General Maritime Law, 28 U.S.C. § 1333, and the laws of the State of Louisiana. This action is not being designated a Rule 9(h) claim.

2.

Made defendants herein are:

A. **WOOD GROUP PSN, INC.**, a foreign corporation, domiciled in Carson City, Nevada, and authorized to do and doing business in the state of Louisiana, who may be served through their agent for service of process, Corporation Service Company, 320 Somerulos St., Baton Rouge, Louisiana, 70802-6129.

B. **BORDELON MARINE, L.L.C.**, a Louisiana limited liability company, domiciled in Lockport, Louisiana, and authorized to do and doing business in the state of Louisiana, who may be served through their agent for service of process, Robert S. Reich, 3850 N. Causeway Blvd., Metairie, LA 70002.

C. **ENI US OPERATING CO., INC.**, a foreign corporation, domiciled in Dover, Deleware, and authorized to do and doing business in the state of Louisiana, who may be served through their agent for service of process, Capitol Corporation Services, Inc., 8550 United Plaza Building II, Suite 305, Baton Rouge, LA 70809.

3.

Defendants, **WOOD GROUP PSN, INC.**, **BORDELON MARINE, L.L.C.**, and **ENI US OPERATING CO., INC.**, are truly and justly indebted unto your claimant individually, severally, jointly and in solido in an amount found reasonable in the premises, together with legal interest thereon from date of the accident (or alternatively date of judicial demand) until paid, and for all costs of these proceedings for the following reasons, to-wit:

4.

On or about June 3, 2014, claimant, **ORVEL P. HALE**, was employed by Oceaneering International Inc., ("Oceaneering") as a technician assigned to duties on an offshore facility operated by **ENI US OPERATING CO., INC.** at Vermillion 313, off Vermillion parish.

5.

On or about June 3, 2014, **ORVEL P. HALE** was being transported aboard the M/V WES BORDELON which was owned, operated, controlled and/or maintained by the defendant, **BORDELON MARINE, L.L.C.** At all material times hereto, claimant, **ORVEL P. HALE**, was a worker covered under the Longshore and Harbor Workers Compensation Act (LHWCA), 33 U.S.C. § 901 et seq.

6.

As part of his duties, **ORVEL P. HALE** was directed to travel to Vermillion 313-C by means of an offshore supply vessel, and to transfer from the vessel onto the unmanned fixed platform by means of a personnel basket.

7.

The transfer method used by defendants required the workmen, including **ORVEL P. HALE**, to stand on a ring which was attached to a wire rope bridle, which was attached to a wire rope that could be lifted and moved vertically and horizontally by a crane set on the unmanned fixed platform, Vermillion 313-C.

8.

Claimant was being transported aboard the M/V WES BORDELON to perform technician services upon the unmanned fixed platform, Vermillion 313-C, located outside of Louisiana territorial waters in the Gulf of Mexico, off the coast of the Western District of Louisiana, and within the jurisdiction of this Honorable Court.

9.

The M/V WES BORDELON is an Offshore Supply Vessel (OSV) measuring one hundred fifty (150) feet in length, thirty six (36) feet in breadth, and powered by Cummins KTA 38 MO engines.

10.

Vermillion 313-C is an unmanned fixed platform, owned, controlled, operated, and maintained by the defendant, **ENI US OPERATING CO., INC.**, a customer of claimant's employer.

11.

Upon arrival to the platform, the captain of the M/V WES BORDELON positioned the vessel to allow Billy Nolan, an employee of **WOOD GROUP PSN, INC.**, to swing over and upon the platform in order for Billy Nolan to operate the fixed crane located on the platform to assist the vessel in lifting the personnel basket with the Oceaneering employees from the rear deck of

the M/V WES BORDELON onto the platform.

12.

The crane operator, Billy Nolan, an employee of the defendant, **WOOD GROUP PSN, INC.,** was working within the course and scope of his employment with **WOOD GROUP PSN, INC.**, and for whom the defendant, **WOOD GROUP PSN, INC**., is responsible and liable for their employee's negligent acts pursuant to the legal doctrine of respondeat superior.

13.

The defendant, **ENI US OPERATING CO., INC**., was the owner of the unmanned fixed platform Vermillion 313-C, and the crane located thereon.

14.

The deckhand aboard the M/V WES BORDELON and the crane operator, Billy Nolan, were to use hand signals to indicate when a safe lift of the personnel basket could be made while loaded with the Oceaneering equipment and personnel, including your claimant

15.

At the time of the transfer off of the M/V WES BORDELON, the sea state and weather were rough, causing the crew boat to pitch, roll and yaw and to move fore and aft, port and starboard in relation to the facility with the crane. The operators of the vessel and the crane allowed the transfer to take place without having on-site and on-duty personnel with the experience and skill necessary to safely lift the work crew from the heaving deck of the vessel.

16.

Claimant was on the ring of the personnel basket, waiting to be lifted off the vessel, the movement of the crane, or vessel, or both, caused the basket to swing violently and strike a pump chained to the deck of the vessel causing severe injuries to the claimant.

17.

The seas were very rough with swells of five (5) to seven (7) feet. The crane operator, Billy Nolan, lifted the personnel basket from the rear deck of the M/V WES BORDELON when the crane line was not properly aligned to allow for a safe straight pick-up from the rear deck of the M/V WES BORDELON, and before being signaled to do so by the signalman, causing the personnel basket to swing toward and strike a pump chained to the rear deck of the M/V WES BORDELON, and which also caused the striking of the back of **ORVEL P. HALE'S** feet, knocking his feet off the basket and twisting and spinning his body, resulting in complainant losing his hand grip and falling from the personnel basket a distance of approximately eight (8) to ten (10) feet to the wooden stern deck of the M/V WES BORDELON, seriously injuring petitioner and causing bodily injuries permanent in nature all of which will be shown at trial.

18.

Prior to the lift, the captain of the M/V WES BORDELON was having difficulty positioning the vessel properly to allow the personnel basket to be safely raised from the vessel's rear deck.

19.

Claimant's injuries were caused solely by the carelessness, recklessness, willfulness and negligence of the named defendants, their agents, servants, and employees, for whom they are responsible under the legal theory of respondeat superior. The aforementioned incident and resulting bodily injuries sustained by **ORVEL P. HALE** were in no way caused by any negligence or want of care on his part.

20.

The defendant, **WOOD GROUP PSN, INC.**, is liable unto your claimant for the negligent actions of the crane operator, the defendant's employee, for the following non-exclusive reasons, to-wit:

1. Failure to exercise due care under the circumstances;
2. Failing to provide claimant a safe place to work;
3. Failing to provide claimant with a safe means of ingress and egress from the M/V WES BORDELON;
4. Failing to conduct and/or adhere to the Job Safety Analysis before conducting the personnel basket transfer from the vessel to the platform;
5. Negligent lifting of the personnel basket when it was not safe to do so;
6. Failing to provide a safe method to transfer petitioner to and from the platform;
7. Failing to do what should have been done under the prevailing circumstances;
8. Violation of established safety regulations;
9. Failing to adhere to company policies and procedures during the personnel basket lift operation;
10. Negligent failure to properly assess the weather and sea conditions at the time the personnel basket transfer was attempted from the vessel to the platform;
11. Failing to determine that the M/V WES BORDELON was properly aligned to allow for a safe straight lift of the personnel basket from the deck of the M/V WES BORDELON;
12. Failing to provide a competent and properly trained crane operator to conduct the personnel basket transfer from the M/V WES BORDELON to the platform;
13. Failing to stay in radio communication at all times with the Captain of the M/V WES BORDELON;
14. Failing to correctly follow the hand signals of the signalman located on the stern deck of the M/V WES BORDELON;

15. Failing to observe the vessel's movement in the rough seas in order to properly time the lift of the personnel basket;

16. Negligent failure to properly time the lift of the personnel basket;

17. Negligently allowing the personnel basket to swing into equipment located on the stern deck of the M/V WES BORDELON;

18. Negligent failure of the crane operator to have a clear line of sight to the signalman at all times throughout the personnel lift operation;

19. Negligent failure of the crane operator to confirm a proper position for the transfer;

20. Failing to see what he should have seen;

21. Failing to follow the Job Safety Analysis instructions, if any;

22. Crane operator's negligent failure of his responsibility to mitigate the risk of vertical vessel movement during a basket transfer as the vessel itself is powerless to control its vertical movement.

23. The crane operator consciously choosing to transfer claimant from the M/V WES BORDELON in an unsafe and improper manner;

24. The crane operator failed to identify the risks and hazards in the method of transfer of the plaintiff that he utilized;

25. Failure to provide an adequate compliment of employees with requisite skills and/or equipment to perform the tasks necessary to transfer plaintiff off of the vessel;

26. As a result of the defendant's failure to identify the risks or hazards in the method of transfer utilized, the defendant failed to eliminate those risks of harm, or if they could not be eliminated, failed to minimize or reduce the risks of harm and injury to the plaintiff; and

27. All other acts of negligence which may be shown at the trial of this matter.

21.

The defendant, **BORDELON MARINE, L.L.C.** is liable to your claimant under the general maritime law for their negligent acts which caused serious injuries to your claimant and which negligent acts breached their duty owed to petitioner for the non-exclusive reasons to-wit:

1. Failing to provide claimant a safe place to work;

2. Failing to provide claimant with a safe means of ingress and egress from the M/V WES BORDELON;

3. Providing an incompetent master and crew to man the M/V WES BORDELON;

4. Negligent lifting of the personnel basket when it was not safe to do so;

5. Failing to properly instruct and supervise the crane operator and signalman during the personnel basket lift;

6. Failing to properly align the M/V WES BORDELON to allow for a safe straight lift of the personnel basket from the deck of the M/V WES BORDELON;

7. Failing to provide a safe method to transfer claimant to and from the platform;

8. Failing to use the personnel basket tagline to prevent the personnel basket from swinging like a pendulum when lifted off the stern deck of the M/V WES BRODELON.

9. Failing to have properly trained personnel to operate the personnel basket used to transfer employees to and from the fixed platform;

10. Failing to have sufficient and adequate personnel aboard the M/V WES BORDELON to perform the basket transfer of personnel;

11. Failing to do what should have been done under the prevailing circumstances;

12. Failing to secure the tag line as the personnel basket was raised;

13. Violation of established safety regulations;

14. Failing to adhere to company policies and procedures during the personnel basket lift operation;

15. Failing to conduct and/or adhere to the Job Safety Analysis before conducting the personnel basket transfer from the vessel to the platform;

16. Negligent failure to properly assess the weather and sea conditions at the time the personnel basket transfer was attempted from the vessel to the platform;

17. Failing to remain in radio communication with the crane operator and with the signalman on the stern deck;

18. Failure to exercise due care under the circumstances;

19. Failing to properly train the Captain and deckhand to make a safe personnel basket transfer from the vessel to the platform;

20. Operational negligence of the M/V WES BORDELON;

21. The Captain and crew of the M/V WES BORDELON failed to identify the risks and hazards in the method of transfer of the claimant that was utilized;

22. Failure to provide a safe means of disembarkation from the vessel;

23. Failure to provide an adequate compliment of employees with requisite skills and/or equipment to perform the tasks necessary to transfer claimant off of the vessel;

24. As a result of the defendant's failure to identify the risks or hazards in the method of transfer utilized, the defendant failed to eliminate those risks of harm, or if they could not be eliminated, failed to minimize or reduce the risks of harm and injury to the claimant and

25. All other acts of negligence which may be shown at the trial of this matter.

22.

The defendant, **ENI US OPERATING CO., INC.**, is liable unto your claimant, for their negligent actions for the following non-exclusive reasons, to-wit:

1. Providing a crane not equipped with a properly functioning radio to allow the crane operator to stay in radio communication with the Captain of the M/V WES BORDELON at all critical times;

2. Failure to exercise due care under the circumstances;

3. Failure to provide a safe means of ingress and egress from the M/V WES BORDELON to the platform;

4. Manning the crane with an incompetent crane operator;

5. Failing to advise the crane operator and the Captain of the M/V WES BORDELON that the crane on the platform was not equipped with a properly functioning radio in advance of the crane operator's arrival upon the fixed platform.

6. Failing to do what it should have done under the circumstances;

7. Failure to provide claimant a safe place to work;

8. Failing to provide claimant a safe method to transfer from the M/V WES BORDELON to the platform;

9. Failing to have properly trained personnel to operate the crane and the personnel basket used to transfer employees to and from the fixed platform;

10. Violation of established safety regulations;

11. Failing to adhere to company policies and procedures during the personnel basket lift operation;

12. Negligent planning;

13. Failure to maintain the fixed platform in compliance with occupational safety and health standards and free from recognized hazards to employees or persons working on the platform;

14. Failure of the operator of the platform to comply with any rule, regulation, or order, or permit issued entitling petitioner to damages, reasonable attorney fees and expert witness fees; and

15. All other acts of negligence which may be shown at the trial of this matter.

23.

By reason of the severe, painful, and permanent disabling injuries sustained by your claimant caused by the defendants' negligence, your claimant has sustained monetary damages for which he is entitled to recover for as found reasonable in the premises, including but not limited to:

1. Past, present and future medical and rehabilitation expenses;

2. Past, present and future physical pain and suffering;

3. Past, present and future disability and anxiety;

4. Past, present and future loss of enjoyment of life, and life's pleasures;

5. Past, present and future mental pain and anguish;

6. Past, present and future permanent disfigurement;

7. Past, present and future loss of earnings; and

8. Future loss of earnings and loss of earning capacity and employer provided fringe benefits.

24.

In the event that defendants consciously disregarded or were indifferent to the risk of harm to the claimant and their conduct constitutes reckless, willful, or wanton disregard for the personal safety of the claimant, claimant is entitled to recover punitive damages from the defendants in an amount found reasonable in the premises.

25.

Claimant specifically reserves any and all rights he may have under any federal and state compensation laws.

26.

Claimant desires a trial by jury be ordered.

**WHEREFORE**, claimant, **ORVEL P. HALE**, prays that:

I. Defendants, **WOOD GROUP PSN, INC.**, **BORDELON MARINE, L.L.C.**, **ENI US OPERATING CO., INC.**, be served with a copy of this complaint and cited to appear and answer same, all in accordance with law;

II. After due proceedings had, there be judgment herein in favor of claimant, **ORVEL P. HALE**, and against defendants, **WOOD GROUP PSN, INC.**, **BORDELON MARINE, L.L.C.**, **ENI US OPERATING CO., INC.**, individually, jointly, severally, and in solido, for monetary damages in an amount found reasonable in the premises, together with legal interest thereon from date of the accident (or alternatively date of judicial demand) until paid, and all court cost, including, but not limited to the following items of damages:

a. Past, present and future medical and rehabilitation expenses;

b. Past, present and future physical pain and suffering;

c. Past, present and future disability and anxiety;

d. Past, present and future loss of enjoyment of life, and life's pleasures;

e. Past, present and future mental pain and anguish;

f. Past, present and future permanent disfigurement;

g. Past, present and future loss of earnings; and

h. Future loss of earnings and loss of earning capacity and employer provided fringe benefits.

III Further prays for judgment in his favor and against the defendants for punitive damages, in the event that defendant's conduct is determined to be reckless, willful and/or a wanton disregard for the personal safety of plaintiff, in an amount found reasonable in the premises and in accordance with law.

IV. Claimant specifically reserves any and all rights he may have under any federal and state compensation laws.

V. Claimant further prays for trial by jury.

VI. For all orders and decrees necessary in the premises and for full, general and equitable relief.

Respectfully submitted,

**STEVEN W. HALE & ASSOCIATES, INC.**
**A PROFESSIONAL LAW CORPORATION**

**STEVEN W. HALE** (Bar Roll No. 6425)
**W. TAYLOR HALE** (Bar Roll No. 31762)
1735 Ryan Street
Lake Charles, LA 70601
ph. (337) 433-0612
fax (337) 433-0613
E-Mail: steven@halelawfirm.com
taylor@halelawfirm.com
jessica@halelawfirm.com (paralegal)
**ATTORNEYS FOR PLAINTIFF**
**ORVEL P. HALE**

SERVICE INSTRUCTIONS:

Please serve the defendants:

**WOOD GROUP PSN, INC.,**
through their agent for service of process,
Corporation Service Company
320 Somerulos St.
Baton Rouge, Louisiana, 70802-6129.

**BORDELON MARINE, L.L.C.,**
through their agent for service of process,
Robert S. Reich
3850 N. Causeway Blvd.
Metairie, LA 70002.

**ENI US OPERATING CO., INC.,**
through their agent for service of process,
Capitol Corporation Services, Inc.
8550 United Plaza Building II, Suite 305
Baton Rouge, LA 70809.