## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | | |
|---|---|---|
| **ORVEL P. HALE** | : | **CIVIL ACTION NO.: 6:15-CV-01803** |
| **VS.** | : | **MAGISTRATE JUDGE WHITEHURST** |
| **WOOD GROUP PSN, INC.,** | : | **BY CONSENT OF THE PARTIES** |
| **BORDELON MARINE L.L.C.,** | | |
| **ENI US OPERATING CO., INC.** | | |

### JURY CHARGES

### TABLE OF CONTENTS

**Fifth Circuit Pattern Jury Instructions**

1. 2.3  Stipulations of Fact

2. 2.7  Charts and Summaries

3. 2.8  Demonstrative Evidence

4. 2.9  Witness Not Called

5. 2.11  Impeachment by Witnesses' Inconsistent Statements

6. 2.13  Deposition Testimony

7. 3.2  Burden of Proof: Preponderance of The Evidence

8. 3.3  Evidence

9. 3.4  Witnesses

10. 3.5  Expert Witnesses

11. 4.8  Damages

12. 4.9  Punitive Damages

13. 4.11  Section 905(b) Longshore and Harbor Workers' Compensation Act Claim

14. 15.2  Compensatory Damages

**Additional Jury Charges**

1.  15.3      Calculation of Past and Future Damages

2.  15.4      Injury/Pain/Disability/Disfigurement/Loss of Capacity for Enjoyment of Life

3.  15.5      Aggravation or Activation of Disease or Defect

4.  15.6(A)          Medical Expenses

5.  15.7      Lost Earnings/Time/Earning Capacity

6.  Violation of Company Rules

7.  Vicarious Liability

8.  Plaintiff's Burden to Prove Medical Causation

9.  Presumption of Causation

10. Damages to Person – Defendants Take Plaintiffs as They Find Him

11. Evidence of Medical Causation

12. Factors to Consider in Assessing Damages

13. No Relation Between Economic and Non-Economic Damages

14. Loss of Enjoyment of Life

15. Damages to Person – Future Pain and Suffering

16. Mental Anguish

17. Emotional Distress and Inconvenience

18. Duty to Follow the Law

19. Negligence – General Composite Charge in Ordinary Case

20. Standard of Care

21. Comparative Negligence

22. Custody of Things – Basic Charge – Articles 2317 and 2317.1 of the La. Civil Code

23. Violation of Statute is Negligence Per Se

24. Treating Physician's Testimony Entitled to Greater Weight

25. Positive Findings of Medical Experts Entitled to Greater Weight

26. General Maritime Law – Burden of Proof

27. Vessel Owner Owes Duty of Reasonable Care to all Non-Crew Members Onboard

28. Failure to Provide Safe Egress to Passenger

29. Owner Negligence – Duty to Provide Safe Means for those Boarding or Leaving the Vessel

30. Shipowners are Held to High Degree of Care for Passenger's Safety

31. Section 905(b) Longshore Harbor Workers' Compensation Claim Act

32. Credibility of Witnesses

33. Treating Physician Testimony Entitled to Greater Weight

34. Preponderance of Evidence

35. La. Civ. Code Art. 2315

36. Past Medical Expenses

37. Medical Expenses Incurred in Good Faith

38. Medical Expenses Supported by Bills

39. Future Medical Expenses

40. Gross Wages are used to Calculate Wage Loss

41. Collateral Source Rule

42. Defendant's Have Burden to Prove Failure to Mitigate Damages

43. If Award Medicals Must Award Damages for Pain and Suffering

44. Disfigurement and Scarring

45. General Damages

46. General Damages

47. Future Medical Expenses

48. Loss of Enjoyment of Life

Respectfully submitted,

**STEVEN W. HALE & ASSOCIATES, INC.**
**A PROFESSIONAL LAW CORPORATION**

*/s/ Steven W. Hale*
**STEVEN W. HALE, T.A.** (La. Bar No. 6425)
**W. TAYLOR HALE** (La. Bar No. 31762)
1735 Ryan Street
Lake Charles, Louisiana 70601
Telephone: (337) 433-0612
Facsimile: (337) 433-0613
Email:  steven@halelawfirm.com
            taylor@halelawfirm.com

**ATTORNEYS FOR ORVEL P. HALE**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 7th day of December 2017, a copy of the foregoing was

filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will

be sent to all counsel of record registered to receive electronic service by operation of the Court's

electronic filing system.

*/s/ W. Taylor Hale*
**W. TAYLOR HALE**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **ORVEL P. HALE** | : | **CIVIL ACTION NO.: 6:15-CV-01803** |
| **VS.** | : | **MAGISTRATE JUDGE WHITEHURST** |
| **WOOD GROUP PSN, INC.,** | : | **BY CONSENT OF THE PARTIES** |
| **BORDELON MARINE L.L.C.,** | | |
| **ENI US OPERATING CO., INC.** | | |

## COMPLAINANT'S JURY CHARGES

Counsel for Complainant, Orvel P. Hale, respectfully submit the following proposed Jury Charges.

Respectfully submitted,

**STEVEN W. HALE & ASSOCIATES, INC.**
**A PROFESSIONAL LAW CORPORATION**

*/s/ Steven W. Hale*
**STEVEN W. HALE, T.A.** (La. Bar No. 6425)
**W. TAYLOR HALE** (La. Bar No. 31762)
1735 Ryan Street
Lake Charles, Louisiana 70601
Telephone: (337) 433-0612
Facsimile: (337) 433-0613
Email:  steven@halelawfirm.com
        taylor@halelawfirm.com

**ATTORNEYS FOR ORVEL P. HALE**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of December 2017, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system.

*/s/ W. Taylor Hale*
**W. TAYLOR HALE**

## **<u>JURY CHARGE NO.</u>**

### **STIPULATIONS OF FACT**

A "stipulation" is an agreement.  When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts.   You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.


_____ Accepted


_____ Denied

## **JURY CHARGE NO. \_\_\_**

## **CHARTS AND SUMMARIES**

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, or other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.


_____ Accepted


_____ Denied

## <u>JURY CHARGE NO. \_\_</u>

### DEMONSTRATIVE EVIDENCE

Exhibit [describe] is an illustration.  It is a party's [description or picture or model] to describe something involved in this trial.  If your recollection of the evidence differs from the exhibit, rely on your recollection.


_____ Accepted


_____ Denied

## __JURY CHARGE NO. _____

## WITNESS NOT CALLED

[Name of witness] was available to both sides. Plaintiff/Defendant [name] cannot complain that [name of witness] was not called to testify, because either Plaintiff or Defendant [name] could have have called [name of witness].


_____ Accepted


_____ Denied

## **JURY CHARGE NO. ____**

### **IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it.  People may forget some things or remember other things inaccurately.  If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake.  The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.


_____ Accepted


_____ Denied

## <u>JURY CHARGE NO. ___</u>

### DEPOSITION TESTIMONY

Certain testimony [will now be][has been] presented to you through a deposition.  A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition.  Some time before this trial, attorneys representing the parties in this case questioned this witness under oath.  A court reporter was present and recorded the testimony.  The questions and ansers [will be][have been][read][shown]to you today.  This deposition testimony is entitled to the same consideration [and is to be judged by you as to credibility][and weighed and otherwise considered by you in the same way] as if the witness had been present and had testified from the witness stand in court.

_____ Accepted


_____ Denied

## <u>JURY CHARGE NO.</u> ____

**BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE**

Plaintiff [name] has the burden of proving [his/her/its] case by a preponderance of the evidence.  To establish by a preponderance of the evidence means to prove something is more likely so than not so.  If you find that Plaintiff [name] has failed to prove any element of [his/her/its] claim by a preponderance of the evidence, then [he/she/it] may not recover on that claim.

_____ Accepted


_____ Denied

## **JURY CHARGE NO. _____**

### **EVIDENCE**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusion you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence.  One is direct evidence, such as testimony of an eyewitness.  The other is indirect or circumstantial evidence.  Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of the evidence, both direct and circumstantial.


_____ Accepted


_____ Denied

## JURY CHARGE NO.\_\_\_\_

### WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighted; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.


_____ Accepted


_____ Denied

## <u>JURY CHARGE NO. ____</u>

### EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

_____ Accepted

_____ Denied

## JURY CHARGE NO. _____

## PUNITIVE DAMAGES

You may, but are not required to, award punitive damages against a defendant if that defendant acted willfully and wantonly.  The purpose of an award of punitive damages is to punish the defendant and to deter [him/her/it] and others from acting as [he/she/it] did.

A defendant's action is willful or wanton if it is in reckless or callous disregard of, or with indifference to, the rights of the plaintiff.  An actor is indifferent to the rights of another, regardless of the actor's state of mind, when [he/she/it] proceeds in disregard of a high and excessive degree of danger that is known to [him/her/it] or was apparent to a reasonable person in [his/her/its] position.

Callahan v. Gulf Logistics, L.L.C., No. 6:06-CV-561 2013 WL 5236888 (W.D. La. Sept. 16, 2013)(permitting longshoreman allegedly injured trying to load his personal belongings into a personnel transfer basket to pursue punitive damages in a vessel negligence lawsuit pursuant to section 905(b) of the Longshore and Harbor Workers' Compensation Act ("LHWCA").  In so holding, the Western District of Louisiana wrote, "It seems clear that punitive damages are available for actions under general maritime law unless Congress has expressly forbade such availability.  This court finds nothing in the language of [section] 905(b) which could be construed as so limiting the availability of punitive damages in a negligence action under the LHWCA.")

Atlantic Sounding v. Townsend, 557 U.S. 404 (2009).

Miles v. Apex Marine Corp., 498 U.S. 19 (1990).

_____ Accepted

_____ Denied

## <u>JURY CHARGE NO.</u>

### SECTION 905(b) NEGLIGENCE CHARGE

If you find that plaintiff (Name) was covered by the LHWCA at the time of (his/her) injury,, then you must determine whether Plaintiff's (Name) injury was caused by the negligence of Defendant (name), the operator of the vessel (Name).  Defendant (Name) does not owe plaintiff (Name) the duty to provide a seaworthy vessel.  Defendant (Name) is liable only if (he/she) was guilty of negligence that was the legal cause of Plaintiff's (Name) injury.  (The shipowner owes three duties to longshoremen; 1) a turnover duty; 2) a duty to exercise reasonable care in the areas of the ship under the active control of the vessel owner; and 3) a duty to intervene[i]).

**The Turnover Duty**

Negligence is the failure to exercise reasonable care under the circumstances.  A vessel operator such as Defendant (Name) must exercise reasonable care before Plaintiff's (Name) employer, a (specify type of maritime employment in which employer was engaged in the vessel, such as stevedore), began its operation on the vessel.  Defendant (Name) must use reasonable care to have the vessel and its equipment in such condition that an expert and experienced (specify type of maritime employment in which employer is engaged on the vessel), would be able, by the exercise of reasonable care, to carry on its work on the vessel with reasonable safety to persons and property.  This means that Defendant (Name) must warn Plaintiff's (Name) employer of a hazard on the ship or a hazard with respect to the vessel's equipment, if:

1.      Defendant (Name) knew about the hazard or should have discovered it in the exercise of reasonable care, and

2.      the hazard was one likely to be encountered by Plaintiff's (Name) employer in the

course of its operations in connection with Defendant's (Name) vessel; and

3.    the hazard was not known to Plaintiff's (Name) employer and would not be obvious to or anticipated by a reasonably competent (specify type of maritime employment in which employer is engaged on the vessel, such as stevedore or other designated maritime employer) in the performance of the work.  Even if the hazard was one that Plaintiff's (Name) employer knew about or that would be obvious to or anticipated by a reasonably competent (specify stevedore or other type of maritime employment in which the employer was engaged on the vessel), Defendant (Name) must exercise reasonable care to avoid the harm to Plaintiff (Name) if Defendant's (Name) employer would not or could    not correct the hazard and Plaintiff (Name) could not or would not avoid it.[ii]

The standard of care of a vessel operator owes to Plaintiff (Name) after (his/her) employer began its operations on the vessel is different than the standard of care governing the vessel operator's actions before the employer began its vessel operations.

**After the Employer Begins Vessel Operations-Duty of Vessel Owner with Active Control of Vessel.**

If, after Plaintiff's (Name) employer began operations on the vessel, Defendant (Name) actively involved itself in those operations, it is liable if it failed to exercise reasonable care in doing so, and if such failure was the cause of Plaintiff's (Name) injuries.

If, after Plaintiff's (Name) employer began operations on the vessel, Defendant (Name) maintained control over equipment or over an area of the vessel on which Plaintiff (Name) could reasonable have been expected to go in performing (his/her) duties, Defendant (Name) must use reasonable care to avoid exposing Plaintiff (Name) to harm from the hazards (he/she) reasonably

could have been expected to encounter from such equipment or in such area.

**Duty to Intervene**

If, after, Plaintiff's (Name) employer (Name) began its operation on the vessel, Defendant (Name) learned that an apparently dangerous condition existed (including a condition that existed before Plaintiff's (Name) employer began its operations) or has developed in the course of those operations, Defendant (Name) vessel owner must use reasonable care to intervene to protect Plaintiff (Name) against injury from that condition only if Plaintiff's (Name) employer's judgment in continuing to work in the face of such a condition was so obviously improvident that Defendant (Name) should have known that the condition created an unreasonable risk of harm to Plaintiff (Name).   In determining whether Plaintiff's (Name) employer's judgment is "so obviously improvident" that the Defendant (Name) should have intervened, you may consider that Plaintiff's (Name) employer has the primary duty to provide a safe place to work for Plaintiff (Name) and its other employees, and that Defendant (Name) ordinarily must justifiably rely on the Plaintiff's (Name) employer to provide its employees with a reasonably safe place to work. In determining whether Defendant (Name) justifiably relied on the decision of Plaintiff's (Name) employer to continue the work despite the condition, you should consider the expertise of Plaintiff's (Name) employer, the expertise of Defendant (Name), and any other factors that would tend to establish whether Defendant (Name) was negligent in failing to intervene into the operations of Plaintiff's (Name) employer.


_____ Accepted


_____ Denied

## __JURY CHARGE NO. _____

### COMPENSATORY DAMAGES

If you find that Defendant [name] is liable to Plaintiff [name], then you must determine an amount that is fair compensation for all of the Plaintiff [name]'s damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff [name] whole – that is, to compensate Plaintiff [name] for the damage that he/she/it has suffered. Compensatory damages are not limited to expenses that Plaintiff [name] may have incurred because of [his/her] injury. If Plaintiff [name] wins, [he/she] is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that [he/she] has suffered because of Defendant [name]'s conduct.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. [Damages are not allowed as a punishment and cannot be imposed or increased to punish the defendant.] You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable

inference where you find them appropriate from the facts and circumstanced in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

(*Insert the damage elements that may be compensable under federal or state law.  This chapter contains instructions explaining some common elements*.)


_____ Accepted


_____ Denied

## JURY CHARGE NO. ____

### CALCULATION OF PAST AND FUTURE DAMAGES

A.  Damages Accrued

If you find for the plaintiff, he is entitled to recover an amount that will fairly compensate him for any damages he has suffered to date.

B.  Calculation of Future Damages

If you find that the plaintiff is reasonably certain to suffer damages in the future from his injuries, then you should award him the amount you believe would fairly compensate him for such future damages.  [In calculating future damages, you should consider the standard table of mortality as compiled by the United States Bureau of the Census, or other recognized mortality table.]

C.  Reduction of Future Damages to Present Value

An award of future damages necessarily requires that payment be made now for a loss that plaintiff will not actually suffer until some future date.  If you should find that the plaintiff is entitled to future damages, including future earnings, then you must determine the present worth in dollars of such future damages.

If you award damages for loss of future earnings, you must consider two particular factors:

1.  You should reduce any award by the amount of the expenses that the plaintiff would have incurred in making those earnings.

2.  If you make an award for future loss of earnings, you must reduce it to present value by considering the interest that the plaintiff could earn on the amount of the award if he made a relatively risk-free investment.  The reason why you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to

the plaintiff if he receives it today that if he received it in the future, when he would otherwise have earned it.  It is more valuable because the plaintiff can earn interest on it for the period of time between the date of the award and the date he would have earned the money.  Thus you should adjust the amount of any future award for future loss of earnings by the amount of interest that the plaintiff can earn on that amount in the future.

If you make any award for future medical expenses, you should adjust or discount the award to present value in the same manner as with loss of future earnings.

However, you must not make any adjustment to present value for any damages you may award for future pain and suffering or future mental anguish.

**15.3:  Fifth Circuit Pattern Jury Instructions, 2014**


_____ Accepted


_____ Denied

### <u>JURY CHARGE NO. ___</u>

**INJURY/PAIN/DISABILITY/DISFIGUREMENT/LOSS
OF CAPACITY FOR ENJOYMENT OF LIFE**

You may award damages for any bodily injury that the plaintiff sustained and any pain and suffering, [disability], [disfigurement], [mental anguish], [and/or] [loss of capacity for enjoyment of life] that the plaintiff experienced in the past [or will experience in the future] as a result of the bodily injury.  No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced.  You are not trying to determine value, but an amount that will fairly compensate the plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage.  Any award that you make should be fair in light of the evidence.

**15.4:  Fifth Circuit Pattern Jury Instructions, 2014**


_____ Accepted


_____ Denied

## <u>JURY CHARGE NO. _____</u>

### AGGRAVATION OR ACTIVATION OF DISEASE OR DEFECT

You may award damages for aggravation of an existing disease or physical defect [or activation of any such latent condition] resulting from physical injury to the plaintiff.  If you find that there was such an aggravation, you should determine, if you can, what portion of the plaintiff's condition resulted from the aggravation, and make allowance in your verdict only for the aggravation.

**15.5:  Fifth Circuit Pattern Jury Instructions, 2014**

_____ Accepted

_____ Denied

## JURY CHARGE NO. _____

### MEDICAL EXPENSES

A.  For Major Plaintiff

The reasonable [value] [expense] of [hospitalization and] medical [and nursing] care and treatment that the plaintiff will require because of his injuries which were caused by the defendant's wrongful conduct.

**15.6(A):  Fifth Circuit Pattern Jury Instructions, 2014**

_____ Accepted


_____ Denied

## JURY CHARGE NO. _____

### LOST EARNINGS/TIME/EARNING CAPACITY

[Any earnings lost] [Any working time lost] [Any loss of ability to earn money sustained]

in the past [and any such loss in the future].

**15.7:  Fifth Circuit Pattern Jury Instructions, 2014**


_____ Accepted


_____ Denied

## <u>JURY CHARGE NO. \_\_\_\_</u>

## VIOLATION OF COMPANY RULES

Proof that one has violated written rules of procedure can be used to establish negligence.

In this case, if you find that any employee(s) of the defendant(s) violated one or more of its own

safety policies or procedures, you may find the defendant(s) negligent in this case.

<u>Browning v. West Calcasieu-Cameron Hospital</u>, 865 So. 2d 795 (La. App. 3 Cir. 11/12/03).

<u>George v. Wal-Mart Stores, Inc.</u>, 722 So. 2d 119, 122-123 (La. App. 3 Cir. 12/9/98)("Once it was proven that a Wal-Mart employee had violated its safety procedure designed to prevent this very accident, Wal-Mart, in effect, made an admission of negligence by virtue of its acknowledgment of the hazard in its own safety policy.  By establishing this policy and because of the ease by which it could be accomplished, it must be presumed that Wal-Mart had already determined the social value and utility of the hazard outweighed the potential risks of harm, and we agree.")

_____ Accepted


_____ Denied

## **JURY CHARGE NO. _____**

### **VICARIOUS LIABILITY**

Our law provides that employers are responsible for the damage caused by their employees, as long as they engaged in the course and scope of their employment when the damage is caused.  Stated another way, when employees are performing functions of their employment, it is as though the employer acts through the employee.  Since the employer receives the benefit of those acts, he must shoulder the liability for any wrongs committed during the performance of the acts.

La. Civ. Code Art. 2320; Woolard v. Atkinson, 988 So. 2d 836 (La. App. 2 Cir. 7/16/08).


_____ Accepted


_____ Denied

## <u>JURY CHARGE NO. ____</u>

**PLAINTIFF'S BURDEN TO PROVE MEDICAL CAUSATION**

Our law provides that a Plaintiff in a personal injury case has the burden of proving that the Defendants' negligence caused the injuries claimed.  The test for determining the causal relation between an accident and a subsequent injury is whether the Plaintiff proved through medical or lay testimony that it is more probable than not that the subsequent injuries were caused by the accident.

<u>Bittner v. Scott</u>, 980 So. 2d 5 (La. App. 5 Cir. 2/6/08).

<u>Maranto v. Goodyear Tire & Rubber Company</u>, 650 So. 2d 757 (La. 2/20/95).

_____ Accepted

_____ Denied

## **JURY CHARGE NO. _____**

### **PRESUMPTION OF CAUSATION**

A Plaintiff's injury is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.

When symptoms of an injury appear shortly after a traumatic incident that are consistent with the incident and continuously worsen, a Defendant who contests the cause in fact relationship must show some other particular incident could have caused the injury in question to overcome Plaintiff's case.

Maranto v. Goodyear Tire & Rubber Company, 650 So. 2d 757 (La. 2/20/95).

Housley v. Cerise, 579 So. 2d 973 (La. 1991).

Pontiff v. Pecot & Assoc. Rehabilitation & Phys. Therapy Serv., Inc., 780 So. 2d 478, 485 (La. App. 3 Cir. 1/31/2001).

Peterson v. State Farm Auto Ins. Co., 543 So. 2d 109 (La. App. 3rd Cir. 1989).

Davis v. Galilee Baptist Church, 486 So. 2d 1021 (La. App. 2nd Cir. 1986).

Morris v. Allstate Ins. Co., 632 So. 2d 1209 (La. App. 2nd Cir. 1994).


_____ Accepted


_____ Denied

## <u>JURY CHARGE NO. _____</u>

### DAMAGES TO PERSON – DEFENDANTS TAKE PLAINTIFFS AS THEY FIND HIM

Our law provides that a Defendant takes his victim as he finds him and is responsible for all natural and probable consequences of his tortuous conduct.  Where Defendant's negligent action aggravates a pre-existing injury or condition, he must compensate the victim for the full extent of the aggravation.  Further, even if someone was more susceptible to injury, because of a pre-existing injury or defect, a defendant is still responsible for the full extent of damage caused.

<u>Bittner v. Scott</u>, 980 So. 2d 5 (La. App. 5 Cir. 2/6/08).

<u>Touchard v. Slemco Electrical Foundation</u>, 769 So. 2d 1200 (La. 10/17/00).

<u>Daigle v. Coastal Marine, Inc</u>., 500 So. 2d 823 (La. App. 1 Cir. 1986).

<u>Lasha v. Olin Corp</u>., 625 So. 2d 1002 (La. 1993).

<u>Perniciaro v. Brinch</u>, 384 So. 2d 392 (La. 1980).

<u>Smith v. Shoney's, Inc</u>., 745 So. 2d 223 (La. App. 1 Cir. 11/5/99).


_____ Accepted


_____ Denied

## <u>JURY CHARGE NO. _____</u>

### EVIDENCE OF MEDICAL CAUSATION

In determining causation of injuries, you are not limited to medical expert testimony and medical records.  You may also consider the testimony of the plaintiff and the other witnesses with personal knowledge about the onset of plaintiff's symptoms and disability.


_____ Accepted


_____ Denied

## **JURY CHARGE NO. _____**

### **FACTORS TO CONSIDER IN ASSESSING DAMAGES**

When assessing damages in a personal injury case, appropriate factors to consider are severity and duration of the injuries.

Aucoin v. State Farm Mut. Automobile Ins. Co., 505 So. 2d 993 (La. App. 3 Cir. 1987).

LeBlanc v. Stevenson, 770 So. 2d 766 (La. 10/7/00).


_____ Accepted


_____ Denied

## <u>JURY CHARGE NO. \_\_\_\_</u>

### NO RELATION BETWEEN ECONOMIC AND NON-ECONOMIC DAMAGES

The dollar amount of plaintiff's economic damages has no legal correlation to the significance of his non-economic damages.  In other words, your determination of non-economic damages, like pain and suffering and mental anguish, should not be based on the dollar amount of plaintiff's economic damages, such as medical expenses.


_____ Accepted


_____ Denied

## JURY CHARGE NO. _____

### LOSS OF ENJOYMENT OF LIFE

Loss of enjoyment of life is a separate category of compensation form mental pain and suffering, as well as physical pain and suffering.

Loss of enjoyment of life refers to detrimental alteration of the person's life or lifestyle or the person's inability to participate in the activities or pleasures of life that were formerly enjoyed prior to the injury.  In contrast to pain and suffering, whether or not a plaintiff experiences a detrimental lifestyle change depends on both the nature and severity of the injury and the lifestyle of the plaintiff prior to the injury.

McGee v. A C & S Inc., 933 So. 2d 770 (La. 7/10/06).

McPherson v. Lake Area Medical Center, 767 So. 2d 102 (La. App. 3 Cir. 5/24/00).


_____ Accepted


_____ Denied

## **JURY CHARGE NO. \_\_\_\_**

### **MENTAL ANGUISH**

The law recognizes that a plaintiff may suffer mental distress and anguish as a result of an incident as well as physical pain and suffering.  You are permitted to consider such consequences as part of the general damages you may award.  By "mental distress and anguish," I mean substantial worry or concern, grief and the like.

La. Civil Law Treatise, Civil Jury Instructions Volume 18, 18:12 Mental Anguish (2011).


_____ Accepted


_____ Denied

## __JURY CHARGE NO.__

## EMOTIONAL DISTRESS AND INCONVENIENCE

You are charged that if you find a verdict for the plaintiff, in calculating damages, you may take into consideration any unwarranted emotional distress and inconvenience which he has been put through in seeking relief for this part of the injury he sustained.

Guice v. Harvey, 14 La. 198 (La. 1839).


_____ Accepted


_____ Denied

## **<u>JURY CHARGE NO.</u>**

## **DUTY TO FOLLOW THE LAW**

During deliberations, if a juror is not following the law I have just given you, the rest of you have the responsibility to make sure I am told.  Additionally, if any juror is making arguments based on information that is not evidence, the rest of you have the responsibility to make sure I am told.


_____ Accepted


_____ Denied

## <u>JURY CHARGE NO.</u>

## NEGLIGENCE – GENERAL COMPOSITE CHARGE IN ORDINARY CASE

The law applicable to plaintiff's claim depends upon the nature of that claim.  This is a suit seeking damages for injury caused by the act of another.  Under our Civil Code such an act is called an offense or quasi-offense and the suit is generally known as a tort suit.  This basic law in Louisiana in this type of suit is found in Article 2315 of our Civil Code:

"Every act whatever a man that causes damages to another obliges him by whose fault it happened to repair it."

The word "fault" in that article is a key word.  While the Civil Code does not further define the word, it may perhaps best be explained by saying that it signifies that conduct which a person should not have engaged in that is, that he has acted as he should not have acted, or that he has failed to do something that he should have done.  It is thus conduct below the standard which the law applies to his activities.

It should be immediately obvious to you that the standard which we apply to the defendant's conduct will vary according to the activity which he is engaged in, and the circumstances surrounding that activity.  As you are well aware, in our complex society, persons are engaged in all kinds of activities, and understandably, different standards may apply to those activities.  Those standards may be set down by the  legisglature as statutes, or by local officials as ordinances, or even by the courts themselves in instances in which the law does not make a specific provision for the activity.  In a few minutes I will tell you the standards which apply to the defendant's conduct in this particular suit, and you must accept the standards as I give them to you.  It will then be one of your tasks to determine if the plaintiff has proved by a preponderance of the evidence that the defendant has fallen below the standard which the law

expects of him in this particular instance.    To put it briefly, you will have to determine if the plaintiff has proved that the defendant has engaged in substandard conduct and is thus, in legal terms, "at fault".  In this particular case, the plaintiff alleges that the defendant has committed the kind of fault which the law calls "negligence."

But this is only one of the elements of plaintiff's case, and I have previously told you that, in order to be successful, the plaintiff must establish all the essential elements of his case the other elements are the following:

1)  That the injury the plaintiff suffered was, in fact, caused by the conduct of the defendant; and

2)  That there was actual damage to the plaintiff's person or his property.

As to the requirement that plaintiff's injury be caused by defendant's conduct, I do not mean that the law recognizes only one cause of any injury, consisting of only one factor or thing, or the conduct of only one person.  On the contrary, many factors or things may operate at the same time, either independently or together, to cause injury or damage.  You should resolve this question by deciding whether plaintiff would probably not have suffered the claimed injuries in the absence of defendant's conduct. If plaintiff probably <u>would</u> have suffered those injuries regardless of what the defendant(s) did or did not do, then you must conclude that the injuries were not caused by the defendant, and render a verdict for the defendant.  If, on the other hand, plaintiff probably would <u>not</u> have suffered the claimed injuries in the absence of defendant's conduct or lack of conduct did play a part in plaintiff's injury and you must proceed to the next element.

The second element of the plaintiff's case which you must consider is whether the defendant's conduct was below the standard applicable to his activities.

In this case, the basic standard applicable is a requirement that the defendant exercise that degree of care which we might reasonably expect from an ordinarily prudent person under the same or similar circumstances.  You will see that this is a relative term: the care which we reasonably expect from any ordinarily prudent person will vary according to the circumstances facing him.  Notice also that the conduct we set up as a standard is not that of the extraordinarily cautious individual or the exceptionally skillful one, but that of a person of ordinary prudence.  While unusual caution or skill is to be admired and encouraged, the law does not demand it as a standard of care in this case.

The ordinarily prudent person will avoid creating an unreasonable risk of harm.  In determining whether the defendant breached this standard, and created an unreasonable risk of harm, you may weigh the likelihood that someone might have been injured and the seriousness of that injury against the importance to society of what the defendant was doing and the advisability of the way in which he was doing it, under the circumstances.

[In addition to this general standard, the following specific statutes are applicable to the defendant's conduct:]

[Read those statutes which are found to be applicable.]

The ordinarily prudent person will normally obey the statutes which apply to his conduct, but in exceptional circumstances, even a violation of the statute may be reasonable.  You must consider, in the light of all the circumstances, whether an ordinarily prudent person in defendant's position would be reasonable in violating the statute.  If so, then the violation is not sub-standard conduct.  But if not, the violation is unreasonable, and therefore below the standard of care to which we hold the defendant in this case.

In summary, in order to find the defendant's conduct sub-standard, you must find that as

an ordinarily prudent person under all the circumstances surrounding his conduct, the defendant should have reasonably foreseen that as a result of his conduct, some such injury as the plaintiff suffered would occur, and you must also find that he failed to exercise reasonable care to avoid the injury.  [You may find it helpful to phrase your inquiry this way: "How would an ordinarily prudent person have acted or what precautions would he have taken if faced with similar conditions or circumstances?"]

Louisiana Civil Law Treatise, Civil Jury Instructions (2001)(§ 3.01).


_____ Accepted


_____ Denied

## JURY CHARGE NO.

## STANDARD OF CARE

In this case, the basic standard applicable is a requirement that the defendant exercise that degree of care which we might reasonably expect from an ordinary prudent person under the same or similar circumstances.  You will see that this is a relative term: the care which we reasonably expect from an ordinary prudent person will vary according to the circumstances facing him.  Notice also that the conduct we set up as a standard is not that of the extraordinarily cautious individual or the exceptionally skillful one, but that of a person of ordinary prudence. While unusual caution or skill is to be admired or encouraged,  the law does not demand it as a standard of care in this case.

The ordinary prudent person will avoid creating an unreasonable risk of harm.  In determining whether the defendant breached his/her standard, and created an unreasonable risk of harm, you may weigh the likelihood that someone might have been injured and the seriousness of that injury against, the importance to society of what the defendant was doing and the advisability of the way in which he was doing it under the circumstances.

In summary, in order to find the defendant's conduct substandard, you must find that as an ordinary prudent person under all the circumstances surrounding his conduct, the defendant should have reasonably foreseen that as a result of his conduct, some such injury as the plaintiff suffered would occur, and you must find also that he failed to exercise reasonable care to avoid the injury.  (You may find it helpful to phrase your inquiry this way: "How would an ordinary prudent person have acted or what precautions would he have taken if faced with similar conditions or circumstances?")

Louisiana Civil Jury Instruction Handbook (November 2013)(§ 6:1; pp.546 – 547).

_____ Accepted

_____ Denied

**<u>JURY CHARGE NO.</u>**

**COMPARATIVE NEGLIGENCE**

If you conclude that the plaintiff has established the first two elements of his/her case, then you must determine whether the defendant has proved that the plaintiff has failed to conduct himself/herself in accordance with the standard expected of him/her and has thereby contributed to his/her own injury.

When comparative negligence is applicable to a claim for damages, its effect shall be as follows:  If a person suffers injury, death or loss as the result partly of his/her own negligence and partly as a result of the fault of another person or persons, the claim for damages recoverable shall be reduced in proportion of the degree or percentage of negligence attributable to the person suffering the injury, death or loss.

In this case, the standard applicable to the plaintiff's conduct is the requirement that he/she exercise that degree of care which we might reasonably expect a person to exercise for his/her own safety and protection.  On this issue, the defendant has the burden of proof.  In other words, the defendant has the burden of establishing, by a preponderance of the evidence, that the plaintiff in this case failed to conform to that standard and by that failure contributed to her/his own injury.

In deciding the question of the plaintiff's comparative negligence, as it is called in the law, you may phrase your inquire in this way: "Should the plaintiff as an ordinary prudent person, under all circumstances surrounding his/her conduct, have reasonably foreseen some such injury as he/she suffered as a result of his/her conduct, and did he/she fail to exercise reasonable care to avoid such incident which is sued upon. [*sic*]"

<u>Louisiana Civil Jury Instruction Handbook</u> (November 2013)(§ 6:1; pp.547 – 548).

_____ Accepted

_____ Denied

## JURY CHARGE NO.

## CUSTODY OF THINGS – BASIC CHARGE – ARTICLES 2317 AND 2317.1 OF THE LA. CIVIL CODE

In this case, the activity in question is the custody of a thing, namely an unmanned ENI offshore fixed production platform located in the Gulf of Mexico and equipped with an ENI pedestal crane that had an inoperable radio, which plaintiff claims was in the custody of the defendant and as to which plaintiff claims the defendant knew or should have known of the presence of a defect that caused harm to the plaintiff.  The Civil Code, in Articles 2317 and 2317.1, provides a standard applicable to this activity:

We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody***

The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.***

Under this standard, the plaintiff must prove in this case that:

a)  The thing in question was in the custody of the defendant;

b)  The thing in question was defective, i.e., that it posed an unreasonable risk of harm;

c)  The defendant knew or, in the exercise of reasonable care, should have known of this defect;

d)  The damage could have been prevented by the exercise of reasonable care, and the defendant failed to exercise such reasonable care; and

e)  He was damaged as a result of this defect.

If plaintiff proves these five things by a reasonable preponderance of the evidence, the

person in custody of the thing in question can escape liability only if he shows the harm was

caused solely by the fault of the victim, by the fault of a third person, or by an irresistible force.

<u>Louisiana Civil Law Treatise, Civil Jury Instructions</u> (2001)(§ 6.01).

_____ Accepted


_____ Denied

## **JURY CHARGE NO.**

### **VIOLATION OF STATUTE IS NEGLIGENCE PER SE**

Violation of a statute amounts to negligence per se.

Coleman vs. Douglas Public Service, *423 So 2d 153 (La. 1983).*

Pierre vs. Allstate Insurance Company, *242 So 2d 281 (La. 1970).*

_____ Accepted


_____ Denied

## __JURY CHARGE NO.__

## TREATING PHYSICIAN TESTIMONY ENTITLED TO GREATER WEIGHT

As a general rule, a treating physician's opinion is entitled to greater weight than that of a physician who has been consulted for litigation purposes only.  This is especially true when the physician consulted for litigation does not examine the patient, but bases his opinion solely on medical records.

Devlin vs. Westinghouse Electric Corporation, 686 So. 2d 920 (La. App. 5th Cir. 1996).

_____ Accepted


_____ Denied

## **JURY CHARGE NO.**

**POSITIVE FINDINGS OF MEDICAL EXPERTS ENTITLED TO GREATER WEIGHT**

Positive findings of medical experts are to be afforded greater weight than the negative

findings as to the existence or not of a particular condition.

Campbell vs. Luke Construction Company, 465 So 2d 688, 690 (La. 1985).


_____ Accepted


_____ Denied

## **JURY CHARGE NO.**

### **GENERAL MARITIME LAW – BURDEN OF PROOF**

Under the general maritime law, the Plaintiff must demonstrate that there was a duty, breach of that duty, injury to the Plaintiff, and causation between the Defendant's conduct and the injury.  Furthermore, the resulting harm must be reasonably foreseeable.

In re: Cooper/T. Smith, 929 F.2d 1073, 1077 (5th Cir. 1991).


_____ Accepted


_____ Denied

# JURY CHARGE NO.

## VESSEL OWNER OWES DUTY OF REASONABLE
## CARE TO ALL NON-CREW MEMBERS ONBOARD

It is a settled principle of maritime law that a shipowner owes the duty of exercising reasonable care toward those lawfully aboard the vessel who are not members of the crew.

Kermarac v. Campagnie Generale Transatlantique, 358 U.S. 625 (1959).

_____ Accepted

_____ Denied

## **JURY CHARGE NO.**

### **FAILURE TO PROVIDE SAFE EGRESS TO PASSENGER**

The failure to provide a reasonably safe means of debarking, with consequent injury to the passenger, is a tort.

Kermarec v. Compagnie Generale Trans-Atlantique, 358 U.S. 625 (1959).

Lampka v. Wilson Line of Washington, Inc., 325 F.2d 628 (1963).

Tullis v. Fidelity Cas. Co. of New York, 397 F. 2d 22, 22-23 (5th Cir. 1968).


_____ Accepted


_____ Denied

## **JURY CHARGE NO.**

### **OWNER NEGLIGENCE – DUTY TO PROVIDE**
### **SAFE MEANS FOR THOSE BOARDING OR LEAVING THE VESSEL**

General maritime law imposes on a vessel owner a duty to provide a reasonably safe means of access for those boarding or leaving the vessel.

Moore v. Phillips Petroleum Co., 912 F.2d 789 (5th Cir. 1990).

_____ Accepted

_____ Denied

## **JURY CHARGE NO.**

### **SHIPOWNERS ARE HELD TO HIGH DEGREE**
### **OF CARE FOR PASSENGER'S SAFETY**

Shipowners are held to a high degree of care for the safety of passengers.

Smith v. Southern Gulf Marine Co. No. 2, Inc., 791 F.2d 416, 420 (5th Cir. 1986).


_____ Accepted


_____ Denied

## <u>JURY CHARGE NO. ____</u>

### SECTION 905(b) LONGSHORE AND HARBOR
### WORKERS' COMPENSATION CLAIM ACT

The LHWCA, 33 U.S.C. § 905(b) provides a cause of action by a longshoreman against a vessel on which he was injured.  The vessel's liability is based on the general maritime law of negligence.

<u>Johnson v. Louisiana Dock Co., L.L.C.</u>, 846 So. 2d 145, 150-151 (La. App. 5 Cir. 2003).


_____ Accepted


_____ Denied


_____

**JURY CHARGE NO._____**

It is for you, the jury, to determine the credibility of any witnesses and/or the defendant who gives testimony in this case.  If any such party's testimony has been discredited and/or impeached, you have the right to distrust all of said party's testimony in all particulars and may reject the entire testimony given by said party.

_Federal Jury Practices and Instructions_, Devitt and Blackmar Section 12.05.


_____ Accepted


_____ Denied

## JURY CHARGE NO._____

I charge you that in evaluating the testimony of medical experts of equal or nearly equal qualifications, considerable weight and importance must be attached to the relative opportunities for observation of the patient and familiarity with the patient and the history.  The testimony of a treating physician who has had the benefit of repeated examinations and sustained observation of a patient under his direct care and treatment may be accorded greater weight and probative value than that of a physician who has not undertaken to treat the patient but merely to examine him.

The opinion of a doctor as to the condition of a patient may be based entirely upon objective symptoms revealed through observation, examination, tests or treatment; or the opinion may be based entirely upon subjective symptoms revealed only through statements made by the patient; or the opinion may be based in part upon objective symptoms and in part upon subjective symptoms.

To the extent that any opinion testified to by doctor is based upon subjective symptoms stated to him by a patient, the jury is entitled to consider the trustworthiness of such statements in determining the weight to be given the opinion.

Coffey v. Transport Insurance Co., La. App., 138 So.2d 158;

Harris v. Great American Indemnity Co., La. App., 142 So.2d 594;

Johnson v. R.P. Farnsworth & Company, La. App., 186 So.2d 405;

Ardoin v. Travelers Insurance Company, La. App., 229 So.2d 426;

Griffith v. Bodden, La. App., 273 So.2d writ refused 277 So.2d 448;

Bourque v. Vallot, La. App., 286 So.2d 163;

Kay v. Home Indemnity Co., La. App., 313 So.2d 303.

_____

_____ Accepted

_____ Denied

### JURY CHARGE NO. _____

In a civil action like this one, the plaintiff has the burden of establishing by a preponderance of the evidence that there is a causal connection between the accident and her subsequent injuries.  The test is whether the plaintiff has proven that it was more probable than not that the injuries were caused by the accident.

To establish something by a "preponderance of the evidence" means simply weighing all the evidence, the net result is such that, as reasonable men and women, you are convinced that the evidence is more in favor of the plaintiff.

The plaintiff need only prove her case by a preponderance of the evidence, whether direct or circumstantial.  The plaintiff need not prove the case beyond a reasonable doubt, as is necessary in a criminal prosecution.

Moreover, damages need not be proven with mathematical certainty but only by such proof as reasonably establishes the claim.  Further, the plaintiff is not obliged to produce all the witnesses who may know something about he case; the plaintiff simply has the burden to produce sufficient evidence to prove the case by a preponderance of the evidence.

Lasha vs. Olin Corp., 625 So.2d 1002 (La. 1993);

Jaffarzad vs. Jones Truck Lines, Inc., 561 So.2d 144 (La. App. 3rds Cir. 1990);

Jordan v. Travelers Ins. Co., 245 So.2d 151 (La. 1971);

Ed Bulliard Co. v. Foretich-Aimmer Construction, 451 So.2d 29, 31 (La. App. 3rd Cir. 1984);

Ned V. Hertz Corp., 356 So.2d 1074 (La. App. 4th Cir. 1978);

Brad v. Kinchen, 310 So.2d 657 (La. App. 1st Cir. 1975);

Gassoitt v. Gordy, 182 So.2d 170 (La. App. 3rd Cir. 1966).

_____ Accepted


_____ Denied

---

### <u>JURY CHARGE NO.</u>

It is the basic policy of our law that every act whatever of a man that causes damage to another obliges him by whose fault it happened to repair it.

<u>La. Civ. Code Art. 2315</u>; <u>9 to 5 Fashions, Inc. vs. Spurney</u>, 538 So.2d 228 (La. 1989).

_____ Accepted

_____ Denied

## **JURY CHARGE NO. _____**

As an element of special damages, plaintiff is entitled to recover all of the past medical expenses related to the injuries the plaintiff sustained in the accident.  To recover such past medical expenses, plaintiff need only show through medical testimony that more probably than not the medical treatment plaintiff received after the accident was necessitated by the trauma suffered in the accident.

Petersen v. State Farm Mut. Auto. Ins. Co., 543 So.2d 109 (La. App. 3rd Cir. 1989);

Aucoin v. State Farm Mut. Auto. Ins. Co., 505 So.2d 993 (L:a. App. 3rd Cir. 1987);

Richard v. Walgreen's La. Co., 476 So.2d 1150 (La. App. 3rd Cir. 1985).


_____ Accepted


_____ Denied

**JURY CHARGE NO. _____**

When incurred in good faith, the plaintiff is entitled to recover the full amount of medical expenses incurred as a result of the accident. If a claim is made as to unnecessary treatment, the defendant is required to pay the plaintiff for the cost of the unneeded medical treatment unless the over treatment is attributable to bad faith.

Andres v. Liberty Mut. Ins. Co., 568 So.2d 651 (La. App. 3rd Cir. 1990);

Tyler v. Richardson, 476 So.2d 899 (La. App. 2nd Cir. 1985), writ denied, 478 So.2d 907 (La. 1985).

_____ Accepted

_____ Denied

## **JURY CHARGE NO. _____**

When a plaintiff alleges that she has incurred medical expenses and that allegation is supported by bills, unless there is sufficient contradictory evidence or reasonable suspicion that the bills are unrelated to the accident, it is sufficient to support the inclusion of those items in the judgment.

Este vs. State Farm Ins. Co. 676 So.2d 850 (La. App. 3rd Cir. 1996).


_____ Accepted


_____ Denied

## **JURY CHARGE NO. _____**

To recover future medical expenses, a plaintiff must prove that such expenses will be necessary by a preponderance of the evidence. In awarding damages for future medical expenses it is proper to consider the medical expenses incurred to date of trial as a guide in determining what expenses shall be awarded for future treatment. To recover future medical expenses, a plaintiff must prove that such expenses will be necessary by a preponderance of the evidence. However, when the need for future medical care has been established but the cost is uncertain, a reasonable award may be made.

Guillory vs. Avondale Shipyards, Inc., 448 So.2d 1281 (La. 1984);

Hayes v. Commercial Union Assur. Co., 459 So.2d 1245 (:La. App. 1st Cir. 1984).


_____ Accepted


_____ Denied

## **JURY CHARGE NO._____**

Gross wages and not net wages are to be used in calculating past and future wage loss.

LeBleu vs. Dynamic Indus. Constr., Inc., 526 So.2d 1184 (La. App. 3rd Cir. 1988).


_____ Accepted


_____ Denied

**JURY CHARGE NO. _____**

The "collateral source" rule means that the tortfeasor may not benefit, and an injured plaintiff's tort recovery may not be diminished, because of benefits received by the plaintiff from sources independent of the tortfeasor's procuration or contribution.  The "collateral source" rule apples with regard to disability and health insurance payments paid by the (non party) employer.

Francis v. Brown, 671 So.2d 1041 (La. App. 3rd Cir. 1996);

Aucoin v. Doerner, 717 So.2d 1239 (La. App. 5 Cir. 1998).

_____ Accepted

_____ Denied

---

### **JURY CHARGE NO.**

It is the defendant's burden of proof to show that a plaintiff unreasonably failed to mitigate his or her damages. The defendant must show to what extent damages should be mitigated and the rule of mitigation of damages should be applied with extreme caution.

Horton v. McCrary, 620 So.2d 918 (La. App. 3 Cir. 1993).

DeRouen v. Audirsch, 639 So.2d 476 (La. App. 2 Cir. 1994);

Jacobs v. NOPSI, 432 So.2d 843 (La. 1983) .

_____ Accepted

_____ Denied

---

## **JURY CHARGE NO. _____**

It is clear error for a jury to award medicals without awarding damages for pain and suffering.

<u>Oliver vs. Gray Insurance Company</u>, 664 So.2d 497, (3rd Cir. 1995).


_____ Accepted


_____ Denied

---

### **JURY CHARGE NO.\_\_\_\_**

Disfigurement and scarring have as an integral part of their substance the mental pain and anguish that accompany such disfigurement and scaring.

Hymel v. Thomas, 99-826, (La. App. 5th Cir. 12/21/99), 758 So.2d 201.

_____ Accepted


_____ Denied

## **JURY CHARGE NO.____**

General damages involve mental or physical pain and suffering, inconvenience, loss of gratification or intellectual or physical enjoyment, or other losses of lifestyle which cannot be measured definitively in terms of money. The primary objective of general damages is to restore the injured party in as near a fashion as possible to the state he was in at the time immediately preceding injury.  It is well settled that a tortfeasor takes his victim as he finds her. When a defendant's negligent conduct aggravates a pre-existing condition, the victim must be compensated for the full extent of the aggravation. The factors to be considered in assessing quantum for pain and suffering are severity and duration.

Thibodeaux v. USAA Casualty Ins. Co., 93-2238, (La. App. 1 Cir. 11/10/94), 647 So.2d 351.


_____ Accepted


_____ Denied

---

### JURY CHARGE NO. _____

General damages do not have a common denominator and are determined on a case by case basis. They involve physical and mental pain and suffering, inconvenience, loss of intellectual gratification or physical enjoyment, and other factors which affect the victim's life. Loss of social and recreational activities may also be properly considered as one of the components of an award of general damages.

Glasper v. Henry, 598 So.2d 1173 (La. App. 4th Cir. 1991).  See also Boswell v. Roy ;

Martin Lumbar Co., 363 So.2d 505 (La. 1978);

Horton v. McCrary, 620 So.2d 918 (La. App. 3d Cir. 1993), affirmed in part, reversed in part, affirmed as to damages, 635 So.2d 199 (La. 1994).


**Error! Main Document Only.**
_____ Accepted


_____ Denied

---

## JURY CHARGE NO._____

In awarding damages for future medical expenses it is proper to consider the medical expenses incurred to date of trial as a guide in determining what expenses shall be awarded for future treatment. To recover future medical expenses, a plaintiff must prove that such expenses will be necessary by a preponderance of the evidence.  However, when the need for future medical care has been established but the cost is uncertain, a reasonable award may be made.

Guillory vs. Avondale Shipyards, Inc., 448 So.2d 1271,1287, (La. 1984);

Hays v. Commercial Union Assurance Co., 459 So.2d 1245 (La. App. 1st Cir. 1984).


_____ Accepted


_____ Denied

## JURY CHARGE NO. _____

**Error! Main Document Only.**Loss of enjoyment of life is a separate element of compensable general damages which must be determined by the trier of fact which is not necessarily included in an award for general pain and suffering. Loss of enjoyment of life is separate and independent from physical pain and suffering. Loss of enjoyment of life is appropriate when the plaintiff demonstrates a deterioration in her former lifestyle.

In Re Med. Review Panel on Behalf of Laurent, 657 So.2d 713 (La. App. 1st Cir. 1995) citing Stewart v. Select Ins. Co., 631 So.2d 559 (La. App. 3rd Cir. 1994) writ denied, 637 So.2d 159 (La. 1994);

Bernard v. Royal Ins. Co., 586 So.2d 607 (La. App. 4th Cir. 1991) writ denied, 589 So.2d 1058 (La. 1991);

Hernandez v. Continental Cas. Ins. Co., 615 So.2d 484 (La. App. 4th Cir. 1993), writ denied, 620 So.2d 850 (La. 1993).


_____ Accepted


_____ Denied