# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **ORVEL P. HALE** | **CIVIL ACTION NO.: 15-1803** |
| **VERSUS** | **MAGISTRATE JUDGE WHITEHURST** |
| **WOOD GROUP PSN, INC., et al.** | **BY CONSENT OF THE PARTIES** |

## MEMORANDUM RULING

Pending before this Court is the Motion in Limine to Exclude as Evidence Certain Responses Made by Dr. Tony Alleman During his Post-Trial Proffered Deposition Testimony [Doc. 150] filed by the plaintiff, Orvel P. Hale. In his motion, the plaintiff seeks to exclude certain responses to questions given by Dr. Tony Alleman in his post-trial proffered deposition taken on February 12, 2018. The plaintiff argues the responses in question are inadmissible due to such opinions not being contained in or expressed by Dr. Alleman in his written expert report dated May 15, 2017. Defendants ENI US Operating Co., Inc., Bordelon Marine, LLC, and Wood Group PSN, Inc. oppose the motion [Doc. 158], and the plaintiff filed a reply brief [Doc. 164]. For the following reasons, the motion is DENIED.

In his motion, the plaintiff argues that during his post-trial deposition taken on February 12, 2018, Dr. Alleman was asked several questions by defense counsel that

elicited expert opinions not previously disclosed despite timely objections being made by plaintiff's counsel. The plaintiff argues these responses are violative of Rule 26(2)(B)(I) and Rule 37 of the Federal Rules of Civil Procedure. The crux of the matter is the plaintiff's argument that in his May 15, 2017 report, Dr. Alleman's expert opinions were related to some unidentified company's policies on the use of amphetamines and/or opioids in the offshore work environment. Furthermore, the plaintiff argues that in that report, Dr. Alleman did not express any expert opinion that Mr. Hale's reported use of his opioid analgesics medication the night before his accident and his use of his amphetamine medication on the morning of his accident were a violation of Oceaneering International, Inc.'s drug policy or a violation of ENI U.S. Operating Co., Inc's Field Operations Drug and Alcohol Policy, 8/19/11. The plaintiff also argues that Dr. Alleman's expert opinions in his May 15, 2017 report did not include any expressed opinion that Mr. Hale was impaired, under the influence, or affected by his use of his prescribed opioid medication the night before his accident or his use of his prescribed amphetamine medications on the morning before his accident. However, the plaintiff argues that at his February 12, 2018 post-trial deposition, several questions posed to Dr. Alleman elicited responses that suggest that the plaintiff was impaired at the time of his accident due to the use of his prescribed medication, and that the plaintiff violated established company policies in

taking the medication. The plaintiff argues these expert opinions must be excluded as they were not contained in Dr. Alleman's original report.

In their response, the defendants argue that Dr. Alleman's responses were given to hypothetical questions and were based on materials reviewed by Dr. Alleman in connection with his original expert reported dated May 15, 2017. As such, the defendants argue Dr. Alleman's responses should not be limited or stricken.

The Court notes that the posture of the case at the time the evidence in question is sought to be excluded is *post-trial*. Prior to trial, this Court excluded evidence of the plaintiff's positive drug screen on the date of the accident and any references to Mr. Hale's use of his prescription medication, both prior to and at the time of the accident, given this Court's ruling that such evidence was not probative of any issues of impairment on the part of the plaintiff at the time of the accident, and because the evidence was highly prejudicial to the plaintiff. At trial, the defendants moved to introduce, via proffered testimony, the testimony of Dr. Alleman, as the defendants stated their intention of appealing this Court's pre-trial evidentiary ruling. The Court granted the defendants' motion to submit the proffered testimony, and now the plaintiff attempts to limit the evidence that was proffered.

As an initial matter, this Court notes that the briefs submitted in connection with the instant motion in limine are devoid of any legal support, either statutory or

jurisprudential, for the arguments made, other than the cursory reference to Rules 26 and 37 of the Federal Rules of Civil Procedure. No party has cited this Court to any jurisprudence espousing the notion that proffered testimony should be limited in the manner suggested by the plaintiff, or not limited, as argued by the defendants. This Court was unable to find any cases addressing the issue.

With the foregoing in mind, the Court notes that, having already made its pre-trial evidentiary ruling on the issue of the plaintiff's prescription drug use, this Court did not participate in, and was not present for, the deposition that is sought to be introduced by the defendants on appeal. The evidence in question is proffered only, and has not been subjected to this Court's review in any fashion. This Court is not privy to the review of the appellate court, and it is premature at this juncture to presume how the Fifth Circuit will rule on appeal. To be clear, this Court *excluded* any evidence of the positive drug screen of the plaintiff on the date of the accident and any references to Mr. Hale's use of his prescription medication, both prior to and at the time of the accident, given this Court's ruling that such evidence was not probative of any issues of impairment on the part of the plaintiff at the time of the accident, and because the evidence was highly prejudicial to the plaintiff. That is, this Court *did not allow* the testimony – which is now sought to be proffered – to be introduced at trial and considered by the jury. As such, this Court declines to rule on

the substance of the proffered testimony, as it has already ruled on the motion to exclude such testimony. Any limiting of such testimony post-trial is a matter for the appellate court to consider.

**III. Conclusion**

Thus, for the reasons stated in this Ruling, the Motion in Limine to Exclude as Evidence Certain Responses Made by Dr. Tony Alleman During his Post-Trial Proffered Deposition Testimony [Doc. 150] is DENIED.

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 27th day of September, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE